**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0765-18T3

WILLIAM COLEMAN,

    Plaintiff-Appellant,

v.

ANGELA COLEMAN,

    Defendant-Respondent.

_____

Submitted September 11, 2019 - Decided September 27, 2019

Before Judges Koblitz, Gooden Brown, and Mawla.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Salem County, Docket No. FM-17-0090-06.

William Coleman, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

    Plaintiff William Coleman appeals from August 3 and October 5, 2018 post-judgment orders, which denied his request for reimbursement of retirement

funds he paid to defendant Angela Coleman pursuant to a December 9, 2016 order. We affirm.

We take the following facts from the record. The parties married in 1992, and divorced in 2007. The judgment of divorce incorporated a property settlement agreement (PSA), which stated: "The marital portion of plaintiff's pension shall be divided on a [fifty-fifty] basis between [plaintiff] and [defendant] by way of QDRO[1]." Because plaintiff was employed by the federal government, his benefits were payable under the Federal Employees Retirement System (FERS) and distributable via a QDRO-like instrument called a court order acceptable for processing (COAP).

Plaintiff retired on January 31, 2016. The court entered the COAP on October 13, 2016. Paragraph seven of the COAP states:

> Member is receiving retirement benefits under the [p]lan based on employment with the United States Government. The United States Office of Personnel Management [(OPM)] is directed to pay [f]ormer [s]pouse's benefit directly to [f]ormer [s]pouse. The [f]ormer [s]pouse is entitled to 21.5% of [m]ember's self-only monthly annuity payable under the Federal Employees Retirement Security System by reason of [m]ember's retirement.

Paragraph twelve of the COAP provided as follows:

---

[1] Qualified Domestic Relations Order.

2

Constructive Receipt: In the event that any benefits that are assigned to [f]ormer [s]pouse pursuant to the terms of this [o]rder are inadvertently paid to member, [m]ember shall immediately reimburse the [f]ormer [s]pouse to the extent that he has received such benefit payments and shall forthwith pay such amount so received directly to the [f]ormer [s]pouse within ten . . . days of receipt.

Despite being entered a year beforehand, the COAP was implemented in October 2017,[2] twenty months after plaintiff began receiving his retirement benefits. Defendant filed a motion to compel plaintiff to reimburse the funds distributed to him prior to entry of the COAP, representing her 21.5% share under the PSA. The court granted her motion and entered an order dated December 9, 2016. Plaintiff did not seek reconsideration or appeal from this order and failed to comply with it.

Defendant filed a second motion to enforce litigant's rights seeking reimbursement of $18,337.87, representing the sum due for the time period between plaintiff's retirement and entry of the COAP. Plaintiff opposed the motion and advised the court he administratively appealed OPM's ruling regarding the distribution of the pension fund, specifically the decision to include his FERS supplement in the pension distribution. In an order dated

---

[2] Defendant began receiving her share of the retirement payments in November 2017.

A-0765-18T3

August 3, 2018, the court denied plaintiff's request to stay its decision pending a decision from OPM, noting plaintiff's claim on the proper distribution of his pension was a separate matter. The court granted defendant's motion for reimbursement, requiring plaintiff to pay defendant within ninety days.

Plaintiff sought reconsideration of the August 2018 order. He argued the trial judge misunderstood the COAP and the December 2016 order enforcing it. Specifically, he claimed the plain language of the COAP meant defendant's right to receive her share of the retirement benefits began with OPM's receipt of the COAP, regardless of the fact plaintiff was receiving benefits for twenty months beforehand. He pointed the judge to correspondence from an OPM paralegal advising defendant she would receive $874.62, representing the net retirement benefit between OPM's receipt of the COAP in October 2017, and the commencement of payment in November 2017.

The judge denied the motion for reconsideration, stating:

> The [c]ourt understands [p]laintiff's argument and concedes that there may have [been] a legitimate argument to be made as to the previous interpretation. However, this argument should have been presented after issuance of the December 9, 2016 order, in a motion for reconsideration or on appeal. The timeframes for reconsideration and or appeal of the December 9, 2016 [o]rder have long since passed.

4

I.

On appeal, plaintiff repeats the argument OPM informed defendant she was not owed any retroactive sums prior to October 2017. He claims defendant and her attorney defrauded the court into believing she was owed money for the twenty-month period since his retirement and OPM's receipt of the COAP. He argues OPM had discretion to determine when defendant would receive her share of the pension, and the trial court improperly overruled a federal entity.

"The scope of appellate review of a trial court's fact-finding function is limited. The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411 (1998) (citation omitted). The "court must give due recognition to the wide discretion which our law rightly affords to the trial judges," and disturb such determinations only where the court abused its discretion. Larbig v. Larbig, 384 N.J. Super. 17, 21, 23 (App. Div. 2006) (quoting Martindell v. Martindell, 21 N.J. 341, 355 (1956)). Appellate courts reverse only if there is "'a denial of justice' because the family court's 'conclusions are . . . "clearly mistaken" or "wide of the mark."'" Parish v. Parish, 412 N.J. Super. 39, 48 (App. Div. 2010) (quoting N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008)).

A-0765-18T3

"This court does not accord the same deference to a trial judge's legal determinations. . . . Rather, all legal issues are reviewed de novo." Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017) (citations omitted). Furthermore, "where there is a denial of a motion for reconsideration [pursuant to Rule 4:49-2], the standard . . . is 'abuse of discretion.'" Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996) (citation omitted).

Plaintiff's arguments lack merit. R. 2:11-3(e)(1)(E). We affirm for the reasons set forth in the motion judge's decisions. Plaintiff did not appeal from the December 9, 2016 order and is out of time to challenge the court ordered reimbursement to defendant. The judge did not abuse her discretion.

Notwithstanding plaintiff's failure to seek appellate review, we also add the following comments.

> "[A]n agreement that resolves a matrimonial dispute is no less a contract than an agreement to resolve a business dispute." Quinn v. Quinn, 225 N.J. 34, 45 (2016) (citations omitted). According to those principles, we must "discern and implement the common intention of the parties." Ibid. Therefore, our role when interpreting marital settlement agreements is to "consider what is 'written in the context of the circumstances' at the time of drafting and to apply 'a rational meaning in keeping with the expressed general purpose.'" Sachau v. Sachau, 206 N.J. 1, 5-6 (2011) (quoting Atl. N. Airlines, Inc. v. Schwimmer, 12 N.J. 293, 302 (1953)). In doing so, "the words of an agreement are given their 'ordinary' meaning."

A-0765-18T3

> Flanigan v. Munson, 175 N.J. 597, 606 (2003) (quoting Shadow Lake Vill. Condo. Ass'n v. Zampella, 238 N.J. Super. 132, 139 (App. Div. 1990)). Therefore, where the parties' intent "is plain and the language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result." Quinn, 225 N.J. at 45.
>
> [Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 511-12 (2019).]

The COAP fulfilled the terms of the PSA. The plain language of both documents required an equitable distribution of the value of the marital portion of the pension. We previously stated the coverture formula effectuates a division of the value of a pension. Panetta v. Panetta, 370 N.J. Super. 486, 494-95 (App. Div. 2004). The PSA and the COAP did not eschew a coverture formula.

Furthermore, in addition to a Family Part judge's duty to assure the equitable enforcement of agreements, the law imposes a duty of fairness on the parties. Fattore v. Fattore, 458 N.J. Super. 75, 88 (App. Div. 2019). Had the judge endorsed plaintiff's opportunistic reading of the communication from OPM regarding defendant's entitlement to a retroactive payment, she would have deprived defendant of twenty months of equitable distribution from a marital asset and allowed plaintiff to unjustly enrich himself by retaining defendant's

share.  Therefore, regardless of the untimely nature of plaintiff's challenge to the reimbursement, the result he sought was not achievable as a matter of law.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0765-18T3